John L. Scott et al. *v.* W. H. Walker et al.

**Indemnity—Levy on and Sale of Mortgaged Property.**

Where mortgaged property was levied on and sold, the remedy of the mortgagee is on the indemnifying bond executed in compliance with § 709 Civ. Code Prac.

**Trespass—Reducing Crop to Possession.**

Where a mortgaged crop of tobacco was surrendered to the sheriff, the sheriff committed no trespass against the mortgagee, who never had possession of the tobacco, by reducing the tobacco to his actual possession after it had been severed from the ground.

APPEAL FROM OWEN CIRCUIT COURT.

December 6, 1873.

Opinion by Judge Lindsay:

It appears from the record that Wash was acting as deputy for the sheriff of Owen county, at the time he seized and sold the tobacco mortgaged by Ruth to Walker, and that the only connection Scott has with such seizure and sale, was the execution, with A. P. Grover, of a bond of indemnity to the sheriff.

The latter seems to have had in his hands a valid writ of execution issued on a judgment in favor of the commonwealth and against Ruth. The tobacco was levied on as the property of Ruth. The indemnifying bond is in substantial compliance with the requirements of Sec. 709, Civil Code of Practice. There is nothing in the record tending to show that the sureties on the bond, Scott & Grover, were not good and solvent. Such being the case, Walker's right of action, if he has one, is on the bond. The deputy sheriff can not be sued at all, and Scott must be sued on the bond, and not in an action in the nature of an action of trespass. Walker is a claimant of the tobacco in the sense in which that term is used in Sec. 711.

Whether the lien created by the surrender of the tobacco, whilst growing, to the sheriff, is superior to the mortgage lien of Walker, it is not necessary to decide. Walker never had possession. The sheriff, therefore, committed no trespass as against him in reducing the constructive possession, growing out of the original surrender, to an actual possession, when the tobacco was severed from the ground.

For any injury Walker may have sustained by the conversion he must look to the bond for indemnity.

Judgment as to Wash and Scott reversed, and the cause remanded with instructions to dismiss as to them without prejudice.

*Scott, Brown,* for appellants.

*Grover, Montgomery, Revill,* for appellees.